UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE MONTES, individually, HILDA MONTES, individually, and JORGE and HILDA MONTES, as parents and next friend of Claudio Montes, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> MCT TRANSPORTATION, LLC, DANIEL BULTHUIS, and COMCAR INDUSTRIES, INC. <br><br> Defendants. | )<br>)<br>)<br>)<br>)   Case No.    18 cv 8326<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIRD AMENDED COMPLAINT AT LAW**

**COUNT I – NEGLIGENCE (RESPONDEAT SUPERIOR)**
**JORGE MONTES V. MCT TRANSPORTATION, LLC**

NOW COMES Plaintiff Jorge Montes, by and through his counsel, PASSEN & POWELL, and for Count I of his Complaint against MCT Transportation, LLC, alleges and states as follows:

1. At all times relevant herein, MCT Transportation, LLC ("MCT") was and is an interstate motor carrier operating within Cook County, Illinois.

2. At all times relevant herein, Daniel Bulthuis ("Bulthuis") was a professional motor carrier driver operating a tractor-trailer within the State of Illinois.

3. At all relevant times herein, Bulthuis was MCT's employee, actual agent, and/or apparent agent.

4. On August 19, 2018, Bulthuis was operating a 2013 International tractor-trailer ("the tractor-trailer") eastbound on Interstate 88 at or near milepost 123.

5. On August 19, 2018, Bulthuis was operating the tractor-trailer under MCT's motor carrier operating authority and displaying MCT's logo and U.S. DOT number 783.

1

6. On August 19, 2018, and all relevant times herein, Bulthuis was acting within the course and scope of his employment, actual agency and/or apparent agency and was subject to MCT's control, acting pursuant to its directions and commands, and utilizing MCT's operating authority and equipment, including the tractor-trailer displaying MCT's logos, for MCT's pecuniary benefit.

7. On August 19, 2018, Jorge Montes was driving a 2009 Nissan Altima eastbound on Interstate 88 at or near milepost 123. At all relevant times herein, Hilda Montes and Claudio Montes were passengers in the Nissan Altima operated by Jorge Montes.

8. On August 19, 2018, Bulthuis was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and Illinois "Rules of the Road" and owed Jorge Montes, Hilda Montes, and Claudio Montes, and others on the roadway a duty to use reasonable care in the operation of the tractor-trailer.

9. On August 19, 2018, Bulthuis was setting up a playlist of music on his cell phone while driving his tractor-trailer when he looked up and realized that plaintiffs' vehicle was stopped in front of him.

10. Bulthuis reported to police at the scene that he was traveling sixty-three miles per hour in a fifty-five mile per hour speed limit work zone prior to impact.

11. Bulthuis did not stop the tractor-trailer before striking plaintiffs' vehicle.

12. The subject crash on August 19, 2018 occurred in a Construction Work Zone.

13. On and/or before August 19, 2018, MCT, by and through the actions and/or inactions of its employee and/or agent, Bulthuis, was negligent in one or more of the following respects:

   a. Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

   b. Drove the tractor-trailer in a construction or maintenance speed zone at a speed in excess of the posted speed limit in violation of 625 ILCS 5/11-605.1;

c. Used a hand-held mobile telephone while driving the tractor-trailer, in violation of 49 CFR 392.82;

d. Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

e. Committed aggravated use of an electronic communication device, in violation of 625 ILCS 5/12-610.2;

f. Followed another vehicle closer than was reasonable and prudent, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

g. Failed to keep his eyes on the roadway while operating the tractor-trailer;

h. Failed to take appropriate evasive action to avoid striking another vehicle;

i. Failed to maintain control over his tractor-trailer to avoid colliding with other vehicles;

j. Failed to timely apply his brakes when danger to plaintiffs was imminent;

k. Failed to use defensive driving techniques, including proper space management and lane usage;

l. Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

m. Operated the tractor-trailer without adequate safety management controls;

n. Failed to decrease the speed of his tractor-trailer to avoid colliding with vehicles in front of him, in violation of the provisions of 625 ILCS 5/11-601;

o. Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

p. Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

q. Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

r. Engaged in distracted driving by using a cell phone while operating the tractor-trailer;

s. Exceeded the posted speed limit while operating the tractor-trailer; and/or

    t.  Failed to give audible warning with the horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

14. As a direct and proximate result of one or more of the aforementioned acts of carelessness and negligence, the MCT tractor-trailer driven by Daniel Bulthuis crashed into the Nissan Altima containing Jorge, Hilda and Claudio Montes with great force.

15. As a direct and proximate result of the foregoing collision, Jorge Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain and suffering, emotional distress, loss of normal life, loss of earnings; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Jorge Montes, respectfully requests judgment in his favor and against Defendant, MCT Transportation, LLC, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

## COUNT II – WILLFUL AND WANTON CONDUCT
## JORGE MONTES V. MCT TRANSPORTATION, LLC

NOW COMES Plaintiff, Jorge Montes, by and through his counsel, PASSEN & POWELL, and for Count II of his Complaint against MCT Transportation, LLC, alleges and states as follows:

1. At all times relevant herein, MCT Transportation, LLC ("MCT") was and is an interstate motor carrier operating within Cook County, Illinois.

2. At all times relevant herein, Daniel Bulthuis was a professional motor carrier driver operating a tractor-trailer within the State of Illinois.

3. On August 19, 2018, Jorge Montes was driving a 2009 Nissan Altima eastbound on Interstate 88 at or near milepost 123. At all relevant times herein, Hilda Montes and Claudio Montes were passengers in the Nissan Altima operated by Jorge Montes.

4

4.  On August 19, 2018, Bulthuis was operating a 2013 International tractor-trailer ("the tractor-trailer") eastbound on Interstate 88 at or near milepost 123.

5.  On August 19, 2018, Bulthuis was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

6.  At all relevant times herein, Bulthuis was MCT's employee, actual agent, and/or apparent agent.

7.  At all relevant times herein, Bulthuis was acting within the course and scope of his employment, actual agency and/or apparent agency and was subject to MCT's control, acting pursuant to its directions and commands, and utilizing MCT's operating authority and equipment, including the tractor-trailer displaying MCT's logos, for MCT's pecuniary benefit.

8.  On and before August 19, 2018, MCT was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and owed Jorge Montes, Hilda Montes, and Claudio Montes, and others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

9.  On August 19, 2018, Bulthuis was setting up a playlist of music on his cell phone while driving his tractor-trailer when he looked up and realized that plaintiffs' vehicle was stopped in front of him.

10. Bulthuis reported to police at the scene that he was traveling sixty-three miles per hour in a fifty-five mile per hour speed limit work zone prior to impact.

11. Bulthuis did not stop the tractor-trailer before striking plaintiffs' vehicle.

12. The subject crash on August 19, 2018 occurred in a Construction Work Zone.

13. On and prior to August 19, 2018, MCT had a duty to only hire and retain as tractor-trailer drivers those employees who were knowledgeable of all applicable FMCSR regulations, and who were fit, qualified, and responsible to drive a semi tractor-trailer.

14. At all times material to this complaint, defendant MCT, as employer of defendant Daniel Bulthuis, knew or should have known that Daniel Bulthuis had a particular unfitness as a semi tractor-trailer driver, or that he was not properly or sufficiently trained in, or aware of, the applicable FMCSR regulations required of all semi tractor-trailer operators, such that his operation of a semi tractor-trailer created a foreseeable danger and unreasonable risk of harm to third persons, including Plaintiffs.

15. On and/or before August 19, 2018, MCT acted willfully and wantonly with utter indifference to and in conscious disregard for the safety of others, including Plaintiffs, in one or more of the following ways:

   a. Failed to safely train Bulthuis on the dangers of and prohibition against distracted driving while operating a commercial tractor-trailer on the interstate highway;

   b. Failed to adopt, develop and enforce safe driving policies prohibiting the use of wireless communication devices by its drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

   c. Failed to safely train and/or require Bulthuis not to operate a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

   d. Failed to safely train Bulthuis on the prohibition of the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

   e. Failed to safely train its drivers in the prohibition of the use of wireless communication devices in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

   f. Failed to adequately train Bulthuis when reasonable training would have equipped Bulthuis with the knowledge and skill to operate and maintain the tractor-trailer in a reasonably prudent manner, in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

   g. Failed to safely train Bulthuis on operating a tractor-trailer in construction work zones;

   h. Failed to adopt, develop and enforce safe driving policies regarding operation of tractor-trailers in work zones;

i. Failed to safely train Bulthuis with regard to proper space management while operating a tractor-trailer on an interstate highway and in work zones;

j. Failed to train and/or require Bulthuis not to follow plaintiffs' vehicle closer than was reasonable and prudent, in violation of the provisions of 625 ILCS 5/11-710 (a);

k. Failed to adopt, develop and enforce safe driving policies with regard to proper space management while operating tractor-trailers on the interstate highway;

l. Failed to implement adequate safety management controls;

m. Aided and abetted Bulthuis' violations of the FMCSRs;

n. Failed to safely train and/or require Bulthuis to keep a proper lookout for other vehicles upon the roadway;

o. Failed to safely train and/or require Bulthuis not to exceed the posted speed limit while operating the tractor-trailer;

p. Failed to safely train and/or require Bulthuis not to operate the tractor-trailer at a speed greater than was reasonable and proper with regard to traffic conditions then extant, in violation of the provisions of 625 ILCS 5/11- 601 (a);

q. Failed to adopt, develop and enforce safe driving policies with regard to operating tractor-trailers in excess of the posted speed limit on interstate highways, including in work zones;

r. Failed to safely train Bulthuis on defensive driving techniques, including proper space management and lane usage;

s. Failed to safely train and/or require Bulthuis to give audible warning with the horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601;

t. Failed to safely supervise and appropriately discipline Bulthuis;

u. Failed to properly and safely investigate and determine the qualifications, experience, and driving record of Daniel Bulthuis prior to hiring him;

v. Failed to conduct appropriate background checks or contact previous employers to determine appropriate skills or fitness of Daniel Bulthuis prior to his hiring;

w. Hired and retained Daniel Bulthuis as a tractor-trailer driver when it knew or should have known Bulthuis presented an unreasonable risk of harm to motoring members of the public, including Plaintiffs.

16. As a direct and proximate result of one or more of the aforementioned acts of utter indifference to or conscious disregard for the safety of others by MCT, the MCT tractor-trailer driven by Daniel Bulthuis crashed into the Nissan Altima containing Jorge, Hilda and Claudio Montes with great force.

17. As a direct and proximate result of the foregoing collision, Jorge Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered physical pain and suffering, emotional distress, loss of normal life, loss of earnings, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Jorge Montes, prays for the entry of judgment in his favor and against Defendant, MCT Transportation, LLC, for damages including punitive damages in an amount to be determined at trial, as well as any other relief this Court deems just and appropriate.

## COUNT III-NEGLIGENCE (RESPONDEAT SUPERIOR)
## HILDA MONTES V. MCT TRANSPORTATION, LLC

NOW COMES Plaintiff Hilda Montes, by and through her counsel, PASSEN & POWELL, and for Count III of her Complaint against MCT Transportation, LLC, alleges and states as follows:

1. –14.  Plaintiff re-states and re-alleges Paragraphs 1 through 14 of Count I, including subparts, as if specifically alleged in this Count III.

15. As a direct and proximate result of the foregoing collision, Hilda Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain and suffering, emotional distress, loss of normal life, loss of earnings, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Hilda Montes, respectfully requests judgment in his favor and against Defendant, MCT Transportation, LLC, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

### COUNT IV-WILLFUL AND WANTON CONDUCT
### HILDA MONTES V. MCT TRANSPORTATION, LLC

NOW COMES Plaintiff Hilda Montes, by and through her counsel, PASSEN & POWELL, and for Count IV of her Complaint against MCT Transportation, LLC, alleges and states as follows:

1. –16.  Plaintiff re-states and re-alleges Paragraphs 1 through 16 of Count II, including subparts, as if specifically alleged in this Count IV.

17. As a direct and proximate result of the foregoing collision, Hilda Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer brain damage, orthopedic fractures, physical pain, emotional distress, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability, disfigurement, loss of time, impairment of earning capacity, damage to his personal property; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Hilda Montes, prays for the entry of judgment in his favor and against Defendant, MCT Transportation, LLC, for punitive damages in an amount to be determined at trial, as well as any other relief this Court deems just and appropriate.

## COUNT V-NEGLIGENCE (RESPONDEAT SUPERIOR)
## JORGE AND HILDA MONTES, AS PARENTS AND NEXT FRIEND OF CLAUDIO
## MONTES, A MINOR V. MCT TRANSPORTATION, LLC

NOW COME Plaintiffs, Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, by and through their counsel, PASSEN & POWELL, and for Count V of their Complaint against MCT Transportation, LLC, alleges and states as follows:

1. –14. Plaintiff re-states and re-alleges Paragraphs 1 through 14 of Count I, including subparts, as if specifically alleged in this Count V.

15. As a direct and proximate result of the foregoing collision, Claudio Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain and suffering, emotional distress, loss of normal life, disfigurement, loss of earnings; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiffs Jorge and Hilda Montes, as parents and next friend of Claudio Montes, respectfully request judgment in his favor and against Defendant, MCT Transportation, LLC, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

## COUNT VI – WILLFUL AND WANTON CONDUCT
## JORGE AND HILDA MONTES, AS PARENTS AND NEXT FRIEND OF CLAUDIO
## MONTES, A MINOR V. MCT TRANSPORTATION, LLC

NOW COME Plaintiffs, Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, by and through their counsel, PASSEN & POWELL, and for Count VI of their Complaint against MCT Transportation, LLC, alleges and states as follows:

1. –16. Plaintiff re-states and re-alleges Paragraphs 1 through 16 of Count II, including subparts, as if specifically alleged in this Count VI.

17.     As a direct and proximate result of the foregoing collision, Claudio Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain and suffering, emotional distress, loss of normal life, disfigurement, loss of earnings; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiffs Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, prays for the entry of judgment in their favor and against Defendant, MCT Transportation, LLC, for punitive damages in an amount to be determined at trial, as well as any other relief this Court deems just and appropriate.

### COUNT VII-NEGLIGENCE
### JORGE MONTES V. DANIEL BULTHUIS

NOW COMES, Plaintiff Jorge Montes, by and through his counsel, PASSEN & POWELL, and for Count VII of his Complaint at Law against Daniel Bulthuis, alleges and states as follows:

1. –12.  Plaintiff re-states and re-alleges Paragraphs 1 through 12 of Count I as if specifically alleged in this Count VII.

13. On and/or before August 19, 2018, Bulthuis was negligent in one or more of the following respects, *inter alia*:

      a.  Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

      b.  Drove the tractor-trailer in a construction or maintenance speed zone at a speed in excess of the posted speed limit in violation of 625 ILCS 5/11-605.1;

      c.  Used a hand-held mobile telephone while driving the tractor-trailer, in violation of 49 CFR 392.82;

      d.  Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

      e.  Committed aggravated use of an electronic communication device, in violation of 625 ILCS 5/12-610.2;

f.  Followed another vehicle closer than was reasonable and prudent, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

g.  Failed to keep his eyes on the roadway while operating the tractor-trailer;

h.  Failed to take appropriate evasive action to avoid striking another vehicle;

i.  Failed to maintain control over his tractor-trailer to avoid colliding with other vehicles;

j.  Failed to timely apply his brakes when danger to plaintiffs was imminent;

k.  Failed to use defensive driving techniques, including proper space management and lane usage;

l.  Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

m.  Operated the tractor-trailer without adequate safety management controls;

n.  Failed to decrease the speed of his tractor-trailer to avoid colliding with vehicles in front of him, in violation of the provisions of 625 ILCS 5/11-601;

o.  Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

p.  Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

q.  Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

r.  Engaged in distracted driving by using a cell phone while operating the tractor-trailer;

s.  Exceeded the posted speed limit while operating the tractor-trailer; and/or

t.  Failed to give audible warning with the horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

14. As a direct and proximate result of one or more of the aforementioned acts of carelessness and negligence by Bulthuis, the tractor-trailer he was driving crashed into the Nissan Altima containing Jorge, Hilda and Claudio Montes with great force.

15. As a direct and proximate result of the foregoing collision, Jorge Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain and suffering, emotional distress, loss of normal life, loss of earnings; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Jorge Montes, respectfully requests judgment in his favor and against Defendant Daniel Bulthuis, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiff Jorge Montes demands trial by jury on all counts.

## COUNT VIII-NEGLIGENCE
### HILDA MONTES V. DANIEL BULTHUIS

NOW COMES, Plaintiff Hilda Montes, by and through her counsel, PASSEN & POWELL, and for Count VIII of her Complaint at Law against Daniel Bulthuis, alleges and states as follows:

1. –12.  Plaintiff re-states and re-alleges Paragraphs 1 through 12 of Count I as if specifically alleged in this Count VIII.

13. On and/or before August 19, 2018, Bulthuis was negligent in one or more of the following respects, *inter alia*:

      a.  Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

      b.  Drove the tractor-trailer in a construction or maintenance speed zone at a speed in excess of the posted speed limit in violation of 625 ILCS 5/11-605.1;

13

c. Used a hand-held mobile telephone while driving the tractor-trailer, in violation of 49 CFR 392.82;

d. Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

e. Committed aggravated use of an electronic communication device, in violation of 625 ILCS 5/12-610.2;

f. Followed another vehicle closer than was reasonable and prudent, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

g. Failed to keep his eyes on the roadway while operating the tractor-trailer;

h. Failed to take appropriate evasive action to avoid striking another vehicle;

i. Failed to maintain control over his tractor-trailer to avoid colliding with other vehicles;

j. Failed to timely apply his brakes when danger to plaintiffs was imminent;

k. Failed to use defensive driving techniques, including proper space management and lane usage;

l. Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

m. Operated the tractor-trailer without adequate safety management controls;

n. Failed to decrease the speed of his tractor-trailer to avoid colliding with vehicles in front of him, in violation of the provisions of 625 ILCS 5/11-601;

o. Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

p. Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

q. Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

r. Engaged in distracted driving by using a cell phone while operating the tractor-trailer;

s. Exceeded the posted speed limit while operating the tractor-trailer; and/or

t. Failed to give audible warning with the horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

14. As a direct and proximate result of one or more of the aforementioned acts of carelessness and negligence by Bulthuis, the tractor-trailer he was driving crashed into the Nissan Altima containing Jorge, Hilda and Claudio Montes with great force.

15. As a direct and proximate result of the foregoing collision, Hilda Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain and suffering, emotional distress, loss of normal life, loss of earnings; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Hilda Montes, respectfully requests judgment in her favor and against Defendant Daniel Bulthuis, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiff Hilda Montes demands trial by jury on all counts.

## COUNT IX - NEGLIGENCE
### JORGE AND HILDA MONTES, AS PARENTS AND NEXT FRIEND OF CLAUDIO MONTES, A MINOR V. DANIEL BULTHUIS

NOW COME, Plaintiffs Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, by and through their counsel, PASSEN & POWELL, and for Count IX of their Complaint at Law against Daniel Bulthuis, allege and state as follows:

1. –12.  Plaintiff re-states and re-alleges Paragraphs 1 through 12 of Count I as if specifically alleged in this Count IX.

13. On and/or before August 19, 2018, Bulthuis was negligent in one or more of the following respects, *inter alia*:

15

a. Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

b. Drove the tractor-trailer in a construction or maintenance speed zone at a speed in excess of the posted speed limit in violation of 625 ILCS 5/11-605.1;

c. Used a hand-held mobile telephone while driving the tractor-trailer, in violation of 49 CFR 392.82;

d. Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

e. Committed aggravated use of an electronic communication device, in violation of 625 ILCS 5/12-610.2;

f. Followed another vehicle closer than was reasonable and prudent, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

g. Failed to keep his eyes on the roadway while operating the tractor-trailer;

h. Failed to take appropriate evasive action to avoid striking another vehicle;

i. Failed to maintain control over his tractor-trailer to avoid colliding with other vehicles;

j. Failed to timely apply his brakes when danger to plaintiffs was imminent;

k. Failed to use defensive driving techniques, including proper space management and lane usage;

l. Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

m. Operated the tractor-trailer without adequate safety management controls;

n. Failed to decrease the speed of his tractor-trailer to avoid colliding with vehicles in front of him, in violation of the provisions of 625 ILCS 5/11-601;

o. Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

p. Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

q. Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

r. Engaged in distracted driving by using a cell phone while operating the tractor-trailer;

s. Exceeded the posted speed limit while operating the tractor-trailer; and/or

t. Failed to give audible warning with the horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

14. As a direct and proximate result of one or more of the aforementioned acts of carelessness and negligence by Bulthuis, the tractor-trailer he was driving crashed into the Nissan Altima containing Jorge, Hilda and Claudio Montes with great force.

15. As a direct and proximate result of the foregoing collision, Claudio Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain and suffering, emotional distress, loss of normal life, disfigurement, loss of earnings; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiffs Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, respectfully requests judgment in their favor and against Defendant Daniel Bulthuis, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

## COUNT X-WILLFUL AND WANTON CONDUCT
## JORGE MONTES V. DANIEL BULTHUIS

NOW COMES, Plaintiff Jorge Montes, by and through his counsel, PASSEN & POWELL, and for Count X of his Complaint at Law against Daniel Bulthuis, alleges and states as follows:

1. At all times relevant herein, Daniel Bulthuis was a professional motor carrier driver operating a tractor-trailer within the State of Illinois.

2. On August 19, 2018, Jorge Montes was driving a 2009 Nissan Altima eastbound on Interstate 88 at or near milepost 123. At all relevant times herein, Hilda Montes and Claudio Montes were passengers in the Nissan Altima operated by Jorge Montes.

3. On August 19, 2018, Bulthuis was operating a 2013 International tractor-trailer ("the tractor-trailer") eastbound on Interstate 88 at or near milepost 123.

4. On August 19, 2018, Bulthuis was operating under MCT's motor carrier operating authority and displaying its logo and U.S. DOT number 783.

5. On and before August 19, 2018, Bulthuis was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and Illinois "Rules of the Road" and owed Jorge Montes, Hilda Montes, and Claudio Montes, and others on the roadway a duty to use reasonable care in the operation of the tractor-trailer he was operating.

6. On August 19, 2018, Bulthuis was setting up a playlist of music on his cell phone while driving his tractor-trailer when he looked up and realized that plaintiffs' vehicle was stopped in front of him.

7. Bulthuis reported to police at the scene that he was traveling sixty-three miles per hour in a fifty-five mile per hour speed limit work zone prior to impact. Bulthuis did not stop the tractor-trailer before striking plaintiffs' vehicle.

8. The subject crash on August 19, 2018 occurred in a Construction Work Zone.

9. On and/or before August 19, 2018, Bulthuis acted willfully and wantonly with utter indifference to and in conscious disregard for the safety of others in one or more of the following ways:

    a. Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

    b. Drove the tractor-trailer in a construction or maintenance speed zone at a speed in excess of the posted speed limit in violation of 625 ILCS 5/11-605.1;

c.  Used a hand-held mobile telephone while driving the tractor-trailer, in violation of 49 CFR 392.82;

d.  Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

e.  Committed aggravated use of an electronic communication device, in violation of 625 ILCS 5/12-610.2;

f.  Followed another vehicle closer than was reasonable and prudent, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

g.  Failed to keep his eyes on the roadway while operating the tractor-trailer;

h.  Failed to take appropriate evasive action to avoid striking another vehicle;

i.  Failed to maintain control over his tractor-trailer to avoid colliding with other vehicles;

j.  Failed to timely apply his brakes when danger to plaintiffs was imminent;

k.  Failed to use defensive driving techniques, including proper space management and lane usage;

l.  Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

m. Operated the tractor-trailer without adequate safety management controls;

n.  Failed to decrease the speed of his tractor-trailer to avoid colliding with vehicles in front of him, in violation of the provisions of 625 ILCS 5/11-601;

o.  Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

p.  Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

q.  Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

r.  Operated the tractor-trailer while using a cell phone;

s.  Exceeded the posted speed limit while operating the tractor-trailer;

19

      t.  Failed to give audible warning with the horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

10. As a direct and proximate result of one or more of Bulthuis's aforementioned acts of utter indifference to or conscious disregard for the safety of others, the tractor-trailer driven by Bulthuis crashed into the Nissan Altima containing Jorge, Hilda and Claudio Montes with great force.

11. As a direct and proximate result of the foregoing collision, Jorge Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain and suffering, emotional distress, loss of normal life, loss of earnings; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Jorge Montes, prays for the entry of judgment in his favor and against Defendant, Daniel Bulthuis, for punitive damages in an amount to be determined at trial, as well as any other relief this Court deems just and appropriate.

## COUNT XI-WILLFUL AND WANTON CONDUCT
## HILDA MONTES V. DANIEL BULTHUIS

NOW COMES, Plaintiff Hilda Montes, by and through her counsel, PASSEN & POWELL, and for Count XI of her Complaint at Law against Daniel Bulthuis, alleges and states as follows:

1. –10.  Plaintiff re-states and re-alleges Paragraphs 1 through 10 of Count X, including subparts, as if specifically alleged in this Count XI.

11. As a direct and proximate result of the foregoing collision, Hilda Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain

and suffering, emotional distress, loss of normal life, loss of earnings; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Hilda Montes, prays for the entry of judgment in his favor and against Defendant, Daniel Bulthuis, for punitive damages in an amount to be determined at trial, as well as any other relief this Court deems just and appropriate.

## COUNT XII – WILLFUL AND WANTON CONDUCT
## JORGE AND HILDA MONTES, AS PARENTS AND NEXT FRIEND OF CLAUDIO MONTES, A MINOR V. DANIEL BULTHUIS

NOW COME, Plaintiffs Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, by and through their counsel, PASSEN & POWELL, and for Count XII of their Complaint at Law against Daniel Bulthuis, allege and state as follows:

1. –10.   Plaintiff re-states and re-alleges Paragraphs 1 through 10 of Count X, including subparts, as if specifically alleged in this Count XII.

11.   As a direct and proximate result of the foregoing collision, Claudio Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain and suffering, emotional distress, loss of normal life, disfigurement, loss of earnings; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Plaintiffs Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, pray for the entry of judgment in his favor and against Defendant, Daniel Bulthuis, for punitive damages in an amount to be determined at trial, as well as any other relief this Court deems just and appropriate.

**COUNT XIII-FAMILY MEDICAL EXPENSE ACT**
**JORGE AND HILDA MONTES, AS PARENTS AND NEXT FRIEND OF CLAUDIO**
**MONTES, A MINOR V. MCT TRANSPORTATION, LLC**

NOW COME, Plaintiffs Jorge Montes, Hilda Montes, and Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, by and through their counsel, PASSEN & POWELL, and for Count XIII of their Complaint at Law against MCT Transportation, LLC, allege and state as follows:

1.-14.   Plaintiff re-states and re-alleges Paragraphs 1 through 14 of Count I as if specifically alleged in this Count XIII.

15.     As a direct and proximate result of the foregoing collision, Claudio Montes, a minor, sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses, and sustained other injuries and damages of a personal and pecuniary nature.

16.     As a direct and proximate result of the injuries and damages sustained by Claudio Montes, Plaintiffs Jorge Montes and Hilda Montes have been obligated for certain medical and hospital expenses, and therefore seek recovery for such damages pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

WHEREFORE, Plaintiffs Jorge Montes, Hilda Montes, and Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, respectfully request a judgment in their favor against MCT Transportation, LLC, the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

## COUNT XIV-FAMILY MEDICAL EXPENSE ACT
## JORGE AND HILDA MONTES, AS PARENTS AND NEXT FRIEND OF CLAUDIO
## MONTES, A MINOR V. DANIEL BULTHUIS

NOW COME, Plaintiffs Jorge Montes, Hilda Montes, and Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, by and through their counsel, PASSEN & POWELL, and for Count XIV of their Complaint at Law against Daniel Bulthuis, allege and state as follows:

1.-12.  Plaintiff re-states and re-alleges Paragraphs 1 through 12 of Count I as if specifically alleged in this Count XIV.

13.-14.  Plaintiff re-states and re-alleges Paragraphs 13 through 14 of Count VII, including subparts, as if specifically alleged in this Count XIV.

15.     As a direct and proximate result of the foregoing collision, Claudio Montes, a minor, sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses, and sustained other injuries and damages of a personal and pecuniary nature.

16.     As a direct and proximate result of the injuries and damages sustained by Claudio Montes, Plaintiffs Jorge Montes and Hilda Montes have been obligated for certain medical and hospital expenses, and therefore seek recovery for such damages pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

WHEREFORE, Plaintiffs Jorge Montes, Hilda Montes, and Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, respectfully request a judgment in their favor against Daniel Bulthuis, the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

**COUNT XV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(RESPONDEAT SUPERIOR)**
**JORGE MONTES V. MCT TRANSPORTATION, LLC**

NOW COMES Plaintiff Jorge Montes, by and through his counsel, PASSEN & POWELL, and for Count XV of his Complaint against MCT Transportation, LLC, alleges and states as follows:

1. –14.  Plaintiff re-states and re-alleges Paragraphs 1 through 14 of Count I, including subparts, as if specifically alleged in this Count XV.

15. As a direct and proximate result of the foregoing collision, Jorge Montes sustained substantial physical impact resulting in permanent and severe personal injuries.

16. As a direct and proximate result of the foregoing collision in which he witnessed his son suffer a catastrophic, near-fatal traumatic brain injury, Jorge Montes suffered severe and extreme emotional distress.

WHEREFORE, Plaintiff Jorge Montes, respectfully requests judgment in his favor and against Defendant, MCT Transportation, LLC, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

**COUNT XVI- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(RESPONDEAT SUPERIOR)**
**HILDA MONTES V. MCT TRANSPORTATION, LLC**

NOW COMES Plaintiff Hilda Montes, by and through her counsel, PASSEN & POWELL, and for Count XVI of her Complaint against MCT Transportation, LLC, alleges and states as follows:

1. –14.  Plaintiff re-states and re-alleges Paragraphs 1 through 14 of Count I, including subparts, as if specifically alleged in this Count XVI.

15. As a direct and proximate result of the foregoing collision, Hilda Montes sustained substantial physical impact resulting in permanent and severe personal injuries.

16. As a direct and proximate result of the foregoing collision in which she witnessed her son suffer a catastrophic, near-fatal traumatic brain injury, Hilda Montes suffered severe and extreme emotional distress.

WHEREFORE, Plaintiff Hilda Montes, respectfully requests judgment in her favor and against Defendant, MCT Transportation, LLC, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

## COUNT XVII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## JORGE MONTES V. DANIEL BULTHUIS

NOW COMES Plaintiff, Jorge Montes, by and through his counsel, PASSEN & POWELL, and for Count XVII of his Complaint at Law against Daniel Bulthuis, alleges and states as follows:

1. –14.  Plaintiff re-states and re-alleges Paragraphs 1 through 14 of Count VII, including subparts, as if specifically alleged in this Count XVII.

15. As a direct and proximate result of the foregoing collision, Jorge Montes sustained substantial physical impact resulting in permanent and severe personal injuries.

16. As a direct and proximate result of the foregoing collision in which he witnessed his son suffer a catastrophic, near-fatal traumatic brain injury, Jorge Montes suffered severe and extreme emotional distress.

WHEREFORE, Plaintiff Jorge Montes, respectfully requests judgment in his favor and against Defendant Daniel Bulthuis, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

25

## COUNT XVIII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## HILDA MONTES V. DANIEL BULTHUIS

NOW COMES Plaintiff, Hilda Montes, by and through her counsel, PASSEN & POWELL, and for Count XVIII of her Complaint at Law against Daniel Bulthuis, alleges and states as follows:

1. –14. Plaintiff re-states and re-alleges Paragraphs 1 through 14 of Count VII, including subparts, as if specifically alleged in this Count XVIII.

15. As a direct and proximate result of the foregoing collision, Hilda Montes sustained substantial physical impact resulting in permanent and severe personal injuries.

16. As a direct and proximate result of the foregoing collision in which she witnessed her son suffer a catastrophic, near-fatal traumatic brain injury, Hilda Montes suffered severe and extreme emotional distress.

WHEREFORE, Plaintiff Hilda Montes, respectfully requests judgment in her favor and against Defendant Daniel Bulthuis, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

## COUNT XIX – LOSS OF CONSORTIUM
## JORGE MONTES V. MCT TRANSPORTATION, LLC

NOW COMES Plaintiff Jorge Montes, by and through his counsel, PASSEN & POWELL, and for Count XIX of his Complaint against MCT Transportation, LLC, alleges and states as follows:

1. –14. Plaintiff re-states and re-alleges Paragraphs 1 through 14 of Count I, including subparts, as if specifically alleged in this Count XIX.

15. At all times relevant, Jorge Montes and Hilda Montes were legally married.

26

16. As a direct and proximate result of the injuries suffered by his wife, Jorge Montes has suffered damages of a personal and pecuniary nature, including loss of consortium, loss of services and loss of support.

WHEREFORE, Plaintiff Jorge Montes, respectfully requests judgment in his favor and against Defendant, MCT Transportation, LLC, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

**COUNT XX – LOSS OF CONSORTIUM**
**HILDA MONTES V. MCT TRANSPORTATION, LLC**

NOW COMES Plaintiff Hilda Montes, by and through her counsel, PASSEN & POWELL, and for Count XX of her Complaint against MCT Transportation, LLC, alleges and states as follows:

1. –14.  Plaintiff re-states and re-alleges Paragraphs 1 through 14 of Count I, including subparts, as if specifically alleged in this Count XX.

15. At all times relevant, Jorge Montes and Hilda Montes were legally married.

16. As a direct and proximate result of the injuries suffered by her husband, Hilda Montes has suffered damages of a personal and pecuniary nature, including loss of consortium, loss of services and loss of support.

WHEREFORE, Plaintiff Hilda Montes, respectfully requests judgment in her favor and against Defendant, MCT Transportation, LLC, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

## COUNT XXI – LOSS OF CONSORTIUM
## JORGE MONTES V. DANIEL BULTHUIS

NOW COMES Plaintiff, Jorge Montes, by and through his counsel, PASSEN & POWELL, and for Count XXI of his Complaint at Law against Daniel Bulthuis, alleges and states as follows:

1. –14.  Plaintiff re-states and re-alleges Paragraphs 1 through 14 of Count VII, including subparts, as if specifically alleged in this Count XXI.

15. At all times relevant, Jorge Montes and Hilda Montes were legally married.

16. As a direct and proximate result of the injuries suffered by his wife, Jorge Montes has suffered damages of a personal and pecuniary nature, including loss of consortium, loss of services and loss of support.

WHEREFORE, Plaintiff Jorge Montes, respectfully requests judgment in his favor and against Defendant Daniel Bulthuis, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

## COUNT XXII – LOSS OF CONSORTIUM
## HILDA MONTES V. DANIEL BULTHUIS

NOW COMES Plaintiff, Hilda Montes, by and through her counsel, PASSEN & POWELL, and for Count XXII of her Complaint at Law against Daniel Bulthuis, alleges and states as follows:

1. –14.  Plaintiff re-states and re-alleges Paragraphs 1 through 14 of Count VII, including subparts, as if specifically alleged in this Count XXII.

15. At all times relevant, Jorge Montes and Hilda Montes were legally married.

16. As a direct and proximate result of the injuries suffered by her husband, Hilda Montes has suffered damages of a personal and pecuniary nature, including loss of consortium, loss of services and loss of support.

WHEREFORE, Plaintiff Hilda Montes, respectfully requests judgment in her favor and against Defendant Daniel Bulthuis, for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

## COUNT XXIII – NEGLIGENCE (RESPONDEAT SUPERIOR)
## JORGE MONTES V. COMCAR INDUSTRIES, INC.

NOW COMES Plaintiff Jorge Montes, by and through his counsel, PASSEN & POWELL, and for Count XXIII of his Complaint against Comcar Industries, Inc., alleges and states as follows:

1.  At all times relevant herein, Comcar Industries, Inc. ("Comcar") was and is a transportation and logistics company headquartered in Auburndale, Florida with terminal and satellite locations across the country, including within the State of Illinois.

2.  At all times relevant herein, Comcar employed professional motor carrier drivers to transport and distribute goods by operating tractor-trailers on roadways across the United States, including within the State of Illinois.

3.  At all times relevant herein, Daniel Bulthuis ("Bulthuis") was a professional motor carrier driver operating a tractor-trailer within the State of Illinois.

4.  On August 19, 2018, and at all relevant times herein, Bulthuis was Comcar's employee, actual agent, and/or apparent agent.

5.  On August 19, 2018, Bulthuis was operating a 2013 International tractor-trailer ("the tractor-trailer") eastbound on Interstate 88 at or near milepost 123.

6.  On August 19, 2018, and all relevant times herein, Bulthuis was acting within the course and scope of his employment, actual agency and/or apparent agency with Comcar.

7.  On August 19, 2018, and at all relevant times herein, Bulthuis was subject to Comcar's control and was acting for Comcar's pecuniary benefit.

8.  Prior to and including August 19, 2018, Michael P. Ryan served both as president and CEO of Comcar, and sole manager of MCT Transportation, LLC ("MCT").

9.  On August 19, 2018, and at all relevant times herein, Comcar controlled the business strategy of MCT.

10. On August 19, 2018, and at all relevant times herein, MCT did not own or control any active bank accounts.

11. On August 19, 2018, and at all relevant times herein, MCT did not own any real property.

12. Prior to and including August 19, 2018, Comcar handled the accounting for MCT.

13. Prior to and including August 19, 2018, Comcar funded a payroll company, Driver Services, Inc., through which Bulthuis was paid for his work as a professional motor carrier driver.

14. Prior to and including August 19, 2018, Comcar funded the account through which tractors and trailers were leased or purchased, including the tractor-trailer being operated by Bulthuis on August 19, 2018.

15. Prior to and including August 19, 2018, Comcar determined the nature of any sign-on bonuses for new truck drivers, including Bulthuis.

16. Prior to and including August 19, 2018, Comcar determined the nature of compensation for all truck drivers, including Bulthuis.

17. Prior to and including August 19, 2018, Comcar employed a Recruiting Department whose job it was to recruit new truck drivers, including Bulthuis or others driving for MCT.

18. Prior to and including August 19, 2018, Comcar's Recruiting Department ensured that all truck drivers, including Bulthuis and others driving for MCT, attended a Comcar Driver

Orientation program covering various topics related to the safe operation of tractor-trailers, and which served as a prerequisite to a driver's ultimate hire.

19. Prior to and including August 19, 2018, Comcar's Recruiting Department created marketing and advertising material designed to recruit new drivers, including Bulthuis and others driving for MCT.

20. Prior to and including August 19, 2018, Comcar hosted a website, https://comcar.com/careers/, which served as a recruitment page for new truck drivers.

21. Prior to and including August 19, 2018, Comcar's approval was required to hire any new truck drivers, including Bulthuis and others driving for MCT.

22. Prior to and including August 19, 2018, Comcar performed background checks, including employment verification, criminal background, and motor vehicle history searches on all new drivers, including Bulthuis and others driving for MCT.

23. On July 19, 2017, Comcar performed a background check on Bulthuis to ensure he met Comcar's driver qualifications and standards.

24. Prior to and including August 19, 2018, Comcar determined whether any new driver, including Bulthuis or others driving for MCT, was qualified to drive a tractor-trailer based on Comcar's safety qualifications and standards.

25. Prior to and including August 19, 2018, Comcar had ultimate authority over whether to disqualify any prospective or existing truck driver, including Bulthuis or others driving for MCT.

26. Prior to and including August 19, 2018, Comcar conducted background checks on all existing truck drivers, including Bulthuis or others driving for MCT.

27. Prior to and including August 19, 2018, Comcar represented to the public through its website, social media platforms (including Twitter and Facebook), and through the press that it employed all of its professional truck drivers, including Bulthuis and others driving for MCT.

31

28. In May 2018, in order to be recognized by Forbes Magazine as one of "America's Best Midsize Employers," Comcar represented to Forbes – and to the pubic – that Comcar had over 1,000 employees, which included Bulthuis and other truck drivers for MCT.

29. Prior to and including August 19, 2018, Comcar offered various benefits to its employees and/or agent truck drivers, including Bulthuis.

30. Prior to and including August 19, 2018, Comcar sponsored and/or administered the "Comcar Industries Employee Benefits Health Plan," which provided health benefits to its truck drivers, including Bulthuis.

31. Prior to and including August 19, 2018, the health benefits provided by Comcar to its truck drivers, including Bulthuis, included medical, dental, vision, life insurance, temporary disability, long-term disability, and accidental death and dismemberment insurance for participating employees.

32. Prior to and including August 19, 2018, Comcar sponsored and/or administered the "Comcar Industries, Inc. Profit Sharing and Retirement Savings Plan," which provided benefits to its truck drivers, including Bulthuis.

33. Prior to and including August 19, 2018, MCT did not have any IRS-registered company pension, retirement, profit sharing, or benefit plan.

34. Prior to and including August 19, 2018, Comcar provided a 401(k) match to its truck drivers, including Bulthuis.

35. Prior to and including August 19, 2018, Comcar offered a "driver referral bonus program" to its truck drivers, including Bulthuis, in which Comcar paid up to $1,500 for referring a new driver hired to drive for one of Comcar's motor carriers.

36. Prior to and including August 19, 2018, Comcar employed its own Safety Department with responsibility for training, supervising, and disciplining truck drivers, including Bulthuis.

32

37. Prior to and including August 19, 2018, Comcar would periodically notify truck drivers electronically through its Qualcomm system with "safety alerts" related to severe weather or other unsafe conditions.

38. Prior to and including August 19, 2018, Comcar advised all truck drivers, including Bulthuis, that the phone number to reach the Comcar Safety Department was (863) 899-6496, and was available 24 hours a day, 7 days a week.

39. Prior to and including August 19, 2018, Comcar's Safety Department had ultimate authority regarding any corrective action taken against any truck driver, including Bulthuis, for safety-related concerns or policy violations.

40. Prior to and including August 19, 2018, Comcar had ultimate authority over creating and enforcing safety-related policies and procedures applicable to its truck drivers, including Bulthuis.

41. Prior to and including August 19, 2018, Comcar led a "Driver Training School," created driver training materials, and was responsible for ensuring that the training provided to truck drivers, including Bulthuis, was safe and appropriate.

42. Prior to and including August 19, 2018, Comcar provided an "employee rewards" program eligible to all truck drivers, including Bulthuis, to earn rewards paid by Comcar based on safety, performance, and other factors.

43. Prior to and including August 19, 2018, Comcar's approval was required to terminate any tractor-trailer driver, including Bulthuis or others driving for MCT.

44. Prior to and including August 19, 2018, Comcar held weekly Safety meetings led by Comcar's Safety Department and attended by representatives for MCT, in which topics related to the safe operation of tractor-trailers would be discussed.

45. Prior to and including August 19, 2018, Bulthuis and others driving for MCT were required to follow all safety-related instructions, rules, policies, or procedures implemented by Comcar.

46. Prior to and including August 19, 2018, Comcar held daily Operations meetings led by Comcar and attended by representatives for MCT, in which staffing, recruiting, and related topics would be discussed.

47. Prior to and including August 19, 2018, Comcar approved and funded all maintenance and repairs to tractor-trailers driven by its truck drivers, including Bulthuis.

48. On August 19, 2018, Jorge Montes was driving a 2009 Nissan Altima eastbound on Interstate 88 at or near milepost 123. At all relevant times herein, Hilda Montes and Claudio Montes were passengers in the Nissan Altima operated by Jorge Montes.

49. On August 19, 2018, Bulthuis was subject to the Federal Motor Carrier Safety Regulations ("FMCSR") and Illinois "Rules of the Road" and owed Jorge Montes, Hilda Montes, and Claudio Montes, and others on the roadway a duty to use reasonable care in the operation of the tractor-trailer.

50. On August 19, 2018, Bulthuis was setting up a playlist of music on his cell phone while driving his tractor-trailer when he looked up and realized that plaintiffs' vehicle was stopped in front of him.

51. Bulthuis reported to police at the scene that he was traveling sixty-three miles per hour in a fifty-five mile per hour speed limit work zone prior to impact.

52. Bulthuis did not stop the tractor-trailer before striking plaintiffs' vehicle.

53. The subject crash on August 19, 2018 occurred in a Construction Work Zone.

54. On September 6, 2018, Comcar terminated Bulthuis's employment as a professional motor carrier driver due to violation of Comcar's safety policy regarding cell phone use at the time of the crash on August 19, 2018.

55. On and/or before August 19, 2018, Comcar, by and through the actions and/or inactions of its employee and/or agent, Bulthuis, was negligent in one or more of the following respects:

34

a. Drove the tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

b. Drove the tractor-trailer in a construction or maintenance speed zone at a speed in excess of the posted speed limit in violation of 625 ILCS 5/11-605.1;

c. Used a hand-held mobile telephone while driving the tractor-trailer, in violation of 49 CFR 392.82;

d. Operated a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

e. Committed aggravated use of an electronic communication device, in violation of 625 ILCS 5/12-610.2;

f. Followed another vehicle closer than was reasonable and prudent, lacking due regard for the speed of his vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

g. Failed to keep his eyes on the roadway while operating the tractor-trailer;

h. Failed to take appropriate evasive action to avoid striking another vehicle;

i. Failed to maintain control over his tractor-trailer to avoid colliding with other vehicles;

j. Failed to timely apply his brakes when danger to plaintiffs was imminent;

k. Failed to use defensive driving techniques, including proper space management and lane usage;

l. Failed to adhere to the policies prohibiting the use of wireless communication devices by drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

m. Operated the tractor-trailer without adequate safety management controls;

n. Failed to decrease the speed of his tractor-trailer to avoid colliding with vehicles in front of him, in violation of the provisions of 625 ILCS 5/11-601;

o. Failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or similar circumstances all in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

p. Failed to comply with the duties and prohibitions of driver regulations in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

q. Failed to operate the tractor-trailer in a reasonably prudent manner in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

r. Engaged in distracted driving by using a cell phone while operating the tractor-trailer;

s. Exceeded the posted speed limit while operating the tractor-trailer; and/or

t. Failed to give audible warning with the horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601.

56. As a direct and proximate result of one or more of the aforementioned acts of carelessness and negligence, the tractor-trailer driven by Daniel Bulthuis crashed into the Nissan Altima containing Jorge, Hilda and Claudio Montes with great force.

57. As a direct and proximate result of the crash on August 19, 2018, Jorge Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain and suffering, emotional distress, loss of normal life, loss of earnings; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Jorge Montes, respectfully requests judgment in his favor and against Defendant, Comcar Industries, Inc., for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

## COUNT XXIV – WILLFUL AND WANTON CONDUCT
## JORGE MONTES V. COMCAR INDUSTRIES, INC.

NOW COMES Plaintiff, Jorge Montes, by and through his counsel, PASSEN & POWELL, and for Count XXIV of his Complaint against Comcar Industries, Inc., alleges and states as follows:

1. –54. Plaintiff re-states and re-alleges Paragraphs 1 through 54 of Count XXIII, including subparts, as if specifically alleged in this Count XXIV.

55. On and before August 19, 2018, Comcar Industries, Inc. ("Comcar") owed Jorge Montes, Hilda Montes, and Claudio Montes, and others on the roadway a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate the tractor-trailer.

56. On and prior to August 19, 2018, Comcar had a duty to only hire and retain as tractor-trailer drivers those employees who were knowledgeable of all applicable FMCSR regulations, and who were fit, qualified, and responsible to drive a semi tractor-trailer.

57. At all times material to this complaint, defendant Comcar, as employer and/or principal of defendant Daniel Bulthuis, knew or should have known that Daniel Bulthuis had a particular unfitness as a semi tractor-trailer driver, or that he was not properly or sufficiently trained in, or aware of, the applicable FMCSR regulations required of all semi tractor-trailer operators, such that his operation of a semi tractor-trailer created a foreseeable danger and unreasonable risk of harm to third persons, including Plaintiffs.

58. On and/or before August 19, 2018, Comcar acted willfully and wantonly with utter indifference to and in conscious disregard for the safety of others, including Plaintiffs, in one or more of the following ways:

    a. Failed to safely train Bulthuis on the dangers of and prohibition against distracted driving while operating a commercial tractor-trailer on the interstate highway;

    b. Failed to adopt, develop and enforce safe driving policies prohibiting the use of wireless communication devices by its drivers, in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

    c. Failed to safely train and/or require Bulthuis not to operate a motor vehicle on a roadway while using an electronic communication device, in violation of 625 ILCS 5/12-610.2;

    d. Failed to safely train Bulthuis on the prohibition of the aggravated use of an electronic communication device while operating a motor vehicle on a roadway, in violation of 625 ILCS 5/12-610.2;

    e. Failed to safely train its drivers in the prohibition of the use of wireless communication devices in violation of 49 CFR Parts 383, 384, 390, 391, and 392;

f.  Failed to adequately train Bulthuis when reasonable training would have equipped Bulthuis with the knowledge and skill to operate and maintain the tractor-trailer in a reasonably prudent manner, in violation of Parts 383, 384, 390, 391, 392, 393, 395, and 396 of the FMCSRs;

g.  Failed to safely train Bulthuis on operating a tractor-trailer in construction work zones;

h.  Failed to adopt, develop and enforce safe driving policies regarding operation of tractor-trailers in work zones;

i.  Failed to safely train Bulthuis with regard to proper space management while operating a tractor-trailer on an interstate highway and in work zones;

j.  Failed to train and/or require Bulthuis not to follow plaintiffs' vehicle closer than was reasonable and prudent, in violation of the provisions of 625 ILCS 5/11-710 (a);

k.  Failed to adopt, develop and enforce safe driving policies with regard to proper space management while operating tractor-trailers on the interstate highway;

l.  Failed to implement adequate safety management controls;

m.  Aided and abetted Bulthuis' violations of the FMCSRs;

n.  Failed to safely train and/or require Bulthuis to keep a proper lookout for other vehicles upon the roadway;

o.  Failed to safely train and/or require Bulthuis not to exceed the posted speed limit while operating the tractor-trailer;

p.  Failed to safely train and/or require Bulthuis not to operate the tractor-trailer at a speed greater than was reasonable and proper with regard to traffic conditions then extant, in violation of the provisions of 625 ILCS 5/11- 601 (a);

q.  Failed to adopt, develop and enforce safe driving policies with regard to operating tractor-trailers in excess of the posted speed limit on interstate highways, including in work zones;

r.  Failed to safely train Bulthuis on defensive driving techniques, including proper space management and lane usage;

s.  Failed to safely train and/or require Bulthuis to give audible warning with the horn when such warning was reasonably necessary to ensure safety, in violation of 625 ILCS 5/12-601;

t. Failed to safely supervise and appropriately discipline Bulthuis;

u. Failed to properly and safely investigate and determine the qualifications, experience, and driving record of Daniel Bulthuis prior to hiring him;

v. Failed to conduct appropriate background checks or contact previous employers to determine appropriate skills or fitness of Daniel Bulthuis prior to his hiring;

w. Hired and retained Daniel Bulthuis as a tractor-trailer driver when it knew or should have known Bulthuis presented an unreasonable risk of harm to motoring members of the public, including Plaintiffs.

59. As a direct and proximate result of one or more of the aforementioned acts of utter indifference to or conscious disregard for the safety of others by Comcar, the tractor-trailer driven by Daniel Bulthuis crashed into the Nissan Altima containing Jorge, Hilda and Claudio Montes with great force.

60. As a direct and proximate result of the foregoing collision, Jorge Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered physical pain and suffering, emotional distress, loss of normal life, loss of earnings, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Jorge Montes, prays for the entry of judgment in his favor and against Defendant, Comcar Industries, Inc., for damages including punitive damages in an amount to be determined at trial, as well as any other relief this Court deems just and appropriate.

## COUNT XXV-NEGLIGENCE (RESPONDEAT SUPERIOR)
## HILDA MONTES V. COMCAR INDUSTRIES, INC.

NOW COMES Plaintiff Hilda Montes, by and through her counsel, PASSEN & POWELL, and for Count XXV of her Complaint against Comcar Industries, Inc. ("Comcar"), alleges and states as follows:

1. –56.  Plaintiff re-states and re-alleges Paragraphs 1 through 56 of Count XXIII, including subparts, as if specifically alleged in this Count XXV.

57. As a direct and proximate result of the foregoing collision, Hilda Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain and suffering, emotional distress, loss of normal life, loss of earnings, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Hilda Montes, respectfully requests judgment in his favor and against Defendant, Comcar Industries, Inc., for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

## COUNT XXVI-WILLFUL AND WANTON CONDUCT
## HILDA MONTES V. COMCAR INDUSTRIES, INC.

NOW COMES Plaintiff Hilda Montes, by and through her counsel, PASSEN & POWELL, and for Count IV of her Complaint against Comcar Industries, Inc., alleges and states as follows:

1. –59.  Plaintiff re-states and re-alleges Paragraphs 1 through 59 of Count XXIV, including subparts, as if specifically alleged in this Count XXVI.

60. As a direct and proximate result of the foregoing collision, Hilda Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer brain damage, orthopedic fractures, physical pain, emotional distress, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability, disfigurement, loss of time, impairment of earning capacity, damage to his personal property; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Hilda Montes, prays for the entry of judgment in his favor and against Defendant, Comcar Industries, Inc., for punitive damages in an amount to be determined at trial, as well as any other relief this Court deems just and appropriate.

### COUNT XXVII-NEGLIGENCE (RESPONDEAT SUPERIOR) JORGE AND HILDA MONTES, AS PARENTS AND NEXT FRIEND OF CLAUDIO MONTES, A MINOR V. COMCAR INDUSTRIES, INC.

NOW COME Plaintiffs, Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, by and through their counsel, PASSEN & POWELL, and for Count V of their Complaint against Comcar Industries, Inc. ("Comcar"), alleges and states as follows:

1. –56. Plaintiff re-states and re-alleges Paragraphs 1 through 56 of Count XXIII, including subparts, as if specifically alleged in this Count XXVII.

57. As a direct and proximate result of the foregoing collision, Claudio Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain and suffering, emotional distress, loss of normal life, disfigurement, loss of earnings; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiffs Jorge and Hilda Montes, as parents and next friend of Claudio Montes, respectfully request judgment in his favor and against Defendant, Comcar Industries, Inc., for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

**COUNT XXVIII – WILLFUL AND WANTON CONDUCT**
**JORGE AND HILDA MONTES, AS PARENTS AND NEXT FRIEND OF CLAUDIO**
**MONTES, A MINOR V. COMCAR INDUSTRIES, INC.**

NOW COME Plaintiffs, Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, by and through their counsel, PASSEN & POWELL, and for Count VI of their Complaint against Comcar Industries, Inc. ("Comcar"), alleges and states as follows:

1. –59.  Plaintiff re-states and re-alleges Paragraphs 1 through 59 of Count XXIV, including subparts, as if specifically alleged in this Count XXVIII.

60. As a direct and proximate result of the foregoing collision, Claudio Montes sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain and suffering, emotional distress, loss of normal life, disfigurement, loss of earnings; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiffs Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, prays for the entry of judgment in their favor and against Defendant, Comcar Industries, Inc., for punitive damages in an amount to be determined at trial, as well as any other relief this Court deems just and appropriate.

**COUNT XXIX-FAMILY MEDICAL EXPENSE ACT**
**JORGE AND HILDA MONTES, AS PARENTS AND NEXT FRIEND OF CLAUDIO**
**MONTES, A MINOR V. COMCAR INDUSTRIES, INC.**

NOW COME, Plaintiffs Jorge Montes, Hilda Montes, and Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, by and through their counsel, PASSEN & POWELL, and for Count XXIX of their Complaint at Law against Comcar Industries, Inc. allege and state as follows:

1. –56.  Plaintiff re-states and re-alleges Paragraphs 1 through 56 of Count XXIII, including subparts, as if specifically alleged in this Count XXIX.

57. As a direct and proximate result of the foregoing collision, Claudio Montes, a minor, sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses, and sustained other injuries and damages of a personal and pecuniary nature.

58. As a direct and proximate result of the injuries and damages sustained by Claudio Montes, Plaintiffs Jorge Montes and Hilda Montes have been obligated for certain medical and hospital expenses, and therefore seek recovery for such damages pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

WHEREFORE, Plaintiffs Jorge Montes, Hilda Montes, and Jorge and Hilda Montes, as parents and next friend of Claudio Montes, a minor, respectfully request a judgment in their favor against Comcar Industries, Inc., the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

### COUNT XXX – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (RESPONDEAT SUPERIOR) JORGE MONTES V. COMCAR INDUSTRIES, INC.

NOW COMES Plaintiff Jorge Montes, by and through his counsel, PASSEN & POWELL, and for Count XXX of his Complaint against Comcar Industries, Inc., alleges and states as follows:

1. –56. Plaintiff re-states and re-alleges Paragraphs 1 through 56 of Count XXIII, including subparts, as if specifically alleged in this Count XXX.

57. As a direct and proximate result of the foregoing collision, Jorge Montes sustained substantial physical impact resulting in permanent and severe personal injuries.

58. As a direct and proximate result of the foregoing collision in which he witnessed his son suffer a catastrophic, near-fatal traumatic brain injury, Jorge Montes suffered severe and extreme emotional distress.

WHEREFORE, Plaintiff Jorge Montes, respectfully requests judgment in his favor and against Defendant, Comcar Industries, Inc., for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

### COUNT XXXI- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (RESPONDEAT SUPERIOR)
### HILDA MONTES V. COMCAR INDUSTRIES, INC.

NOW COMES Plaintiff Hilda Montes, by and through her counsel, PASSEN & POWELL, and for Count XXXI of her Complaint against Comcar Industries, Inc., alleges and states as follows:

1. –56.  Plaintiff re-states and re-alleges Paragraphs 1 through 56 of Count XXIII, including subparts, as if specifically alleged in this Count XXXI.

57. As a direct and proximate result of the foregoing collision, Hilda Montes sustained substantial physical impact resulting in permanent and severe personal injuries.

58. As a direct and proximate result of the foregoing collision in which she witnessed her son suffer a catastrophic, near-fatal traumatic brain injury, Hilda Montes suffered severe and extreme emotional distress.

WHEREFORE, Plaintiff Hilda Montes, respectfully requests judgment in her favor and against Defendant, Comcar Industries, Inc., for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

**COUNT XXXII – LOSS OF CONSORTIUM**
**<u>JORGE MONTES V. COMCAR INDUSTRIES, INC.</u>**

NOW COMES Plaintiff Jorge Montes, by and through his counsel, PASSEN & POWELL, and for Count XXXII of his Complaint against Comcar Industries, Inc., alleges and states as follows:

1. –56.   Plaintiff re-states and re-alleges Paragraphs 1 through 56 of Count XXIII, including subparts, as if specifically alleged in this Count XXXII.

57. At all times relevant, Jorge Montes and Hilda Montes were legally married.

58. As a direct and proximate result of the injuries suffered by his wife, Jorge Montes has suffered damages of a personal and pecuniary nature, including loss of consortium, loss of services and loss of support.

WHEREFORE, Plaintiff Jorge Montes, respectfully requests judgment in his favor and against Defendant, Comcar Industries, Inc., for all of the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

**COUNT XXXIII – LOSS OF CONSORTIUM**
**<u>HILDA MONTES V. COMCAR INDUSTRIES, INC.</u>**

NOW COMES Plaintiff Hilda Montes, by and through her counsel, PASSEN & POWELL, and for Count XXXIII of her Complaint against MCT Transportation, LLC, alleges and states as follows:

1. –56.   Plaintiff re-states and re-alleges Paragraphs 1 through 56 of Count XXIII, including subparts, as if specifically alleged in this Count XXXIII.

57. At all times relevant, Jorge Montes and Hilda Montes were legally married.

58. As a direct and proximate result of the injuries suffered by her husband, Hilda Montes has suffered damages of a personal and pecuniary nature, including loss of consortium, loss of services and loss of support.

WHEREFORE, Plaintiff Hilda Montes, respectfully requests judgment in her favor and against Defendant, Comcar Industries, Inc., for all the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

**COUNT XXXIV-NEGLIGENCE (ALTER EGO)**
**JORGE MONTES V. COMCAR INDUSTRIES, INC.**

NOW COMES Plaintiff Jorge Montes, by and through her counsel, PASSEN & POWELL, and for Count XXXIV of his Complaint against Comcar Industries, Inc. ("Comcar"), alleges and states as follows:

1. –57.  Plaintiff re-states and re-alleges Paragraphs 1 through 57 of Count XXIII, including subparts, as if specifically alleged in this Count XXXIV.

58. Prior to and including August 19, 2018, MCT did not have any Officers or Directors.

59. Prior to and including August 19, 2018, Michael P. Ryan served as both Manager of MCT, as well as the President and CEO of Comcar.

60. Prior to and including August 19, 2018, MCT had no Members other than Mr. Ryan.

61. Prior to and including August 19, 2018, Comcar performed the accounting for MCT.

62. Prior to and including August 19, 2018, MCT did not have any active bank accounts.

63. Prior to and including August 19, 2018, MCT did not own any real property.

64. Upon information and belief, prior to and including August 19, 2018, MCT commingled its funds with the funds of Comcar.

65. Upon information and belief, prior to and including August 19, 2018, MCT directed funds it generated from transportation services to bank accounts owned or controlled by Comcar.

66. Upon information and belief, prior to and including August 19, 2018, Comcar funded and provided capitalization for the operation of MCT's business.

67. Prior to and including August 19, 2018, Comcar led daily Operations meetings attended by representatives of MCT in which the operations strategy was dictated by Comcar.

68. Prior to and including August 19, 2018, Comcar led weekly Safety meetings attended by representatives of MCT in which the safety strategy was dictated by Comcar.

69. Prior to and including August 19, 2018, Comcar directed the business strategy of MCT.

70. Prior to and including August 19, 2018, Comcar provided health insurance benefits to all MCT employees, including medical, dental, and vision insurance.

71. Prior to and including August 19, 2018, Comcar sponsored and administered the "Comcar Industries, Inc. Profit Sharing and Retirement Savings Plan," which provided benefits to MCT.

72. Prior to and including August 19, 2018, MCT did not have any IRS-registered company pension, retirement, profit sharing, or benefit plan.

73. Prior to and including August 19, 2018, Comcar controlled all Advertising and Marketing for MCT.

74. Prior to and including August 19, 2018, Comcar performed all Recruiting functions for MCT.

75. Prior to and including August 19, 2018, Comcar's approval was required for the Hiring of all MCT employees.

76. Prior to and including August 19, 2018, Comcar's approval was required for the Firing of all MCT employees.

77. Prior to and including August 19, 2018, Comcar procured insurance coverage for MCT arising out of the negligence of MCT or its drivers.

78. Prior to and including August 19, 2018, Comcar is responsible for paying the first $1 million self-insured retention ("SIR") in claims against MCT or its drivers for negligence.

79. Prior to and including August 19, 2018, and at all times relevant, MCT has no assets above-and-beyond the insurance coverage procured by Comcar to satisfy an excess judgment.

80. Prior to an including August 19, 2018, MCT was organized and controlled by Comcar such that observance of the fiction of separate identities would promote injustice in this case.

WHEREFORE, Plaintiff Jorge Montes, respectfully requests the Court pierce the corporate veil and enter judgment in his favor and against Defendant, Comcar Industries, Inc., for all the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

## COUNT XXXV-NEGLIGENCE (ALTER EGO)
## HILDA MONTES V. COMCAR INDUSTRIES, INC.

NOW COMES Plaintiff Hilda Montes, by and through her counsel, PASSEN & POWELL, and for Count XXXV of her Complaint against Comcar Industries, Inc. ("Comcar"), alleges and states as follows:

1. –57.  Plaintiff re-states and re-alleges Paragraphs 1 through 57 of Count XXIII, including subparts, as if specifically alleged in this Count XXXIV.

58. Prior to and including August 19, 2018, MCT did not have any Officers or Directors.

59. Prior to and including August 19, 2018, Michael P. Ryan served as both Manager of MCT, as well as the President and CEO of Comcar.

60. Prior to and including August 19, 2018, MCT had no Members other than Mr. Ryan.

61. Prior to and including August 19, 2018, Comcar performed the accounting for MCT.

62. Prior to and including August 19, 2018, MCT did not have any active bank accounts.

63. Prior to and including August 19, 2018, MCT did not own any real property.

64. Upon information and belief, prior to and including August 19, 2018, MCT commingled its funds with the funds of Comcar.

65. Upon information and belief, prior to and including August 19, 2018, MCT directed funds it generated from transportation services to bank accounts owned or controlled by Comcar.

66. Upon information and belief, prior to and including August 19, 2018, Comcar funded and provided capitalization for the operation of MCT's business.

67. Prior to and including August 19, 2018, Comcar led daily Operations meetings attended by representatives of MCT in which the operations strategy was dictated by Comcar.

68. Prior to and including August 19, 2018, Comcar led weekly Safety meetings attended by representatives of MCT in which the safety strategy was dictated by Comcar.

69. Prior to and including August 19, 2018, Comcar directed the business strategy of MCT.

70. Prior to and including August 19, 2018, Comcar provided health insurance benefits to all MCT employees, including medical, dental, and vision insurance.

71. Prior to and including August 19, 2018, Comcar sponsored and administered the "Comcar Industries, Inc. Profit Sharing and Retirement Savings Plan," which provided benefits to MCT.

72. Prior to and including August 19, 2018, MCT did not have any IRS-registered company pension, retirement, profit sharing, or benefit plan.

73. Prior to and including August 19, 2018, Comcar controlled all Advertising and Marketing for MCT.

74. Prior to and including August 19, 2018, Comcar performed all Recruiting functions for MCT.

75. Prior to and including August 19, 2018, Comcar's approval was required for the Hiring of all MCT employees.

76. Prior to and including August 19, 2018, Comcar's approval was required for the Firing of all MCT employees.

77. Prior to and including August 19, 2018, Comcar procured insurance coverage for MCT arising out of the negligence of MCT or its drivers.

78. Prior to and including August 19, 2018, Comcar is responsible for paying the first $1 million self-insured retention ("SIR") in claims against MCT or its drivers for negligence.

79. Prior to and including August 19, 2018, and at all times relevant, MCT has no assets above-and-beyond the insurance coverage procured by Comcar to satisfy an excess judgment.

80. Prior to an including August 19, 2018, MCT was organized and controlled by Comcar such that observance of the fiction of separate identities would promote injustice in this case.

WHEREFORE, Plaintiff Hilda Montes, respectfully requests the Court pierce the corporate veil and enter judgment in her favor and against Defendant, Comcar Industries, Inc., for all the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

## COUNT XXXVI-NEGLIGENCE (ALTER EGO)
### JORGE AND HILDA MONTES, AS PARENTS AND NEXT FRIEND OF CLAUDIO MONTES, A MINOR V. COMCAR INDUSTRIES, INC.

NOW COMES Plaintiffs Jorge and Hilda Montes, as Parents and Next Friend of Claudio Montes, a Minor, by and through her counsel, PASSEN & POWELL, and for Count XXXVI of their Complaint against Comcar Industries, Inc. ("Comcar"), alleges and states as follows:

1. –57.  Plaintiff re-states and re-alleges Paragraphs 1 through 57 of Count XXIII, including subparts, as if specifically alleged in this Count XXXIV.

58. Prior to and including August 19, 2018, MCT did not have any Officers or Directors.

50

59. Prior to and including August 19, 2018, Michael P. Ryan served as both Manager of MCT, as well as the President and CEO of Comcar.

60. Prior to and including August 19, 2018, MCT had no Members other than Mr. Ryan.

61. Prior to and including August 19, 2018, Comcar performed the accounting for MCT.

62. Prior to and including August 19, 2018, MCT did not have any active bank accounts.

63. Prior to and including August 19, 2018, MCT did not own any real property.

64. Upon information and belief, prior to and including August 19, 2018, MCT commingled its funds with the funds of Comcar.

65. Upon information and belief, prior to and including August 19, 2018, MCT directed funds it generated from transportation services to bank accounts owned or controlled by Comcar.

66. Upon information and belief, prior to and including August 19, 2018, Comcar funded and provided capitalization for the operation of MCT's business.

67. Prior to and including August 19, 2018, Comcar led daily Operations meetings attended by representatives of MCT in which the operations strategy was dictated by Comcar.

68. Prior to and including August 19, 2018, Comcar led weekly Safety meetings attended by representatives of MCT in which the safety strategy was dictated by Comcar.

69. Prior to and including August 19, 2018, Comcar directed the business strategy of MCT.

70. Prior to and including August 19, 2018, Comcar provided health insurance benefits to all MCT employees, including medical, dental, and vision insurance.

71. Prior to and including August 19, 2018, Comcar sponsored and administered the "Comcar Industries, Inc. Profit Sharing and Retirement Savings Plan," which provided benefits to MCT.

72. Prior to and including August 19, 2018, MCT did not have any IRS-registered company pension, retirement, profit sharing, or benefit plan.

73. Prior to and including August 19, 2018, Comcar controlled all Advertising and Marketing for MCT.

74. Prior to and including August 19, 2018, Comcar performed all Recruiting functions for MCT.

75. Prior to and including August 19, 2018, Comcar's approval was required for the Hiring of all MCT employees.

76. Prior to and including August 19, 2018, Comcar's approval was required for the Firing of all MCT employees.

77. Prior to and including August 19, 2018, Comcar procured insurance coverage for MCT arising out of the negligence of MCT or its drivers.

78. Prior to and including August 19, 2018, Comcar is responsible for paying the first $1 million self-insured retention ("SIR") in claims against MCT or its drivers for negligence.

79. Prior to and including August 19, 2018, and at all times relevant, MCT has no assets above-and-beyond the insurance coverage procured by Comcar to satisfy an excess judgment.

80. Prior to an including August 19, 2018, MCT was organized and controlled by Comcar such that observance of the fiction of separate identities would promote injustice in this case.

WHEREFORE, Plaintiffs Jorge and Hilda Montes, as Parents and Next Friend of Claudio Montes, a Minor, respectfully request the Court pierce the corporate veil and enter judgment in their favor and against Defendant, Comcar Industries, Inc., for all the above injuries and damages, including the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances. Plaintiffs demand trial by jury on all counts.

Respectfully submitted,

**PASSEN & POWELL**

BY: s/Matthew A. Passen

Matthew A. Passen (mpassen@passenpowell.com)
Stephen M. Passen (spassen@passenpowell.com)
**PASSEN & POWELL**
1 East Wacker Drive, Suite 1750
Chicago, IL 60601
T: 312-527-4500